# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRANDY EXUM,** | § § § | |
| Plaintiff, | § § | |
| v. | § § § | **CIVIL ACTION NO.** |
| **WAFFLE HOUSE, INC.** | § § § | |
| Defendant. | § | |

## COMPLAINT

COMES NOW the Plaintiff, Brandy Exum, by and through her counsel, for her Complaint against Defendant Waffle House, Inc. (hereinafter "Waffle House").

## I.   INTRODUCTION

This is an action for declaratory judgment, injunctive relief, equitable relief and monetary relief instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and the Equal Pay Act of 1963, as amended, each providing for relief against gender discrimination in employment.

## II.   JURISDICTION

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 1343 because this action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and Equal Pay Act of 1963, as

amended, 42 U.S.C. §2000e et seq., providing relief against discrimination in employment.

### III. PARTIES

1. Plaintiff, Brandy Exum, is a female citizen of the United States and worked as a Manager Trainee and Unit Manager at Waffle House's establishments.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq.

3. The plaintiff has filed and/or relied upon a timely charge of gender discrimination with the EEOC. A Right-to-Sue letter was issued on her charge of gender discrimination under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and this suit has been filed within 90 days of receipt of such right-to-sue letters.

4. The Defendant, Waffle House, is subject to suit under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, the "Equal Pay Act of 1963," as amended. Defendant does business in this jurisdiction.

### IV. STATEMENT OF FACTS

5. Plaintiff is female and began working for Waffle house in Dothan, Alabama on September 14, 2016.

6. She started as a "Manager Trainee" where she would perform the same

job duties as a Unit Manager, but was not permanently assigned to one location as Unit Managers are.

7. Plaintiff improved the performance and financials of Waffle House's Dothan, Alabama location within approximately six months of her being placed at the location.

8. Plaintiff received a promotion to Unit Manager because of her excellent performance as a Manager Trainee.

9. Plaintiff assumed control of the Respondent's Thomasville, Georgia location as a Unit Manager because of her excellent record at Waffle House's Dothan, Alabama location.

10. Plaintiff applied for a district level position twice.

11. Plaintiff never received the opportunity to assume a district level position even though her unit management performance was equivalent to or greater than males who applied for and received district level positions.

12. Plaintiff interviewed with Area Manager Benjamin Boyd for a district level position in 2018.

13. During the interview, Benjamin Boyd told Plaintiff she needed to be like two males, Ben (LNU) and Casey (LNU) who received District Level positions.

14. Ben (LNU) and Casey (LNU) had less relevant experience but were nonetheless promoted to district level positions rather than Plaintiff.

15. After the interview with Benjamin Boyd, Emily Green, the Defendant's Regional Vice President, told Plaintiff she took Benjamin Boyd's criticism better than most women in her situation would.

16. Plaintiff picked up a coworker, Courtney (LNU), from Tallahassee, Florida and drove to Charleston, South Carolina to work a job fair in July of 2019 at Waffle House's direction.

17. Courtney (LNU) made disparaging remarks about Waffle House, but Benjamin Boyd accused Plaintiff of making the statements.

18. As a result, Benjamin Boyd publicly reprimanded Plaintiff, reduced her compensation, and told her she would receive a written discipline.

19. Jim (LNU), a Waffle House Area People director, suggested the Plaintiff call Waffle House's corporate human resources hotline and inform them of Benjamin Boyd's discriminatory behavior.

20. Plaintiff called the hotline and told Waffle House of Benjamin Boyd's gender-based discriminatory behavior.

21. Plaintiff later received a written discipline from Olivia (LNU), Waffle House's District Manager from Tallahassee, Florida.

22. Plaintiff informed Olivia (LNU) that Benjamin Boyd humiliated her in the presence of others by publicly reprimanding her for statements she did not make.

23. Plaintiff repeatedly asked Waffle House for the substance of the

alleged statements, but Waffle House refused.

24. Waffle House's human resources department received several positive statements about Plaintiff's behavior and professionalism during their investigation.

25. Plaintiff's compensation did not return to its former level despite Plaintiff's cooperation with Waffle House's investigation.

26. Waffle House further reduced Plaintiff's compensation in retaliation for her hotline complaint by removing her from the "jump team."

27. In February of 2019, Plaintiff transferred to the Dothan, Alabama area and worked out of several locations.

28. Plaintiff was demoted to Manager Trainee upon her transfer.

29. During this time, Benjamin Boyd continually represented to Plaintiff she would be a Unit Manager in the Dothan, Alabama area.

30. Rather than conform to its promise to Plaintiff, Waffle House promoted a lesser-qualified male Manager Trainee to Unit Manager in the Dothan area in September of 2019.

31. Benjamin Boyd brought the Plaintiff in for an interview for the Unit Manager position, but used the opportunity to pressure Plaintiff into transferring to another area.

32. In November of 2019, Tamarra Howard told Plaintiff she would have to wait until 2021 to be promoted to Unit Manager.

33. Waffle House represented to Plaintiff she would become Unit Manager of a Eufaula, Alabama facility in December of 2019, but never gave Plaintiff the position.

34. Plaintiff was forced to remain a Manager Trainee until March of 2020, when she was given a Unit Manager position only because a lesser-qualified male Unit Manager left the location.

35. In contrast, male Manager Trainees such as Matthew Olson were given Unit Manager positions in December of 2019, and some were promoted to the district level positions.

36. Waffle House was aware of Plaintiff's eagerness and qualifications to fill both the Unit Manager and district level positions.

37. In January of 2020, in-house counsel for Waffle House approached Plaintiff with her charge of discrimination and asked Plaintiff to refrain from taking such action in the future.

## V. COUNT ONE: TITLE VII – DISPARATE TREATMENT AND RETALIATION

38. Plaintiff restates and incorporates by reference Paragraphs 1 – 37 as if fully set forth herein.

39. The Plaintiff, Brandy Exum, brings this disparate treatment claim based on gender under Title VII of the Civil Rights Act, as amended.

40. With respect to disciplines and promotions of Plaintiff, Waffle House

6

has engaged in gender-based disparate treatment applying different, more favorable standards to male employees.

41. Waffle House provided less compensation to Plaintiff as a female compared to male Manager Trainees and Unit Managers, performing jobs of equal or similar skill, responsibility and effort under similar working conditions.

42. Waffle House willfully violated Title VII by 1) failing to pay Plaintiff wages equal to those paid to similarly situated males and reducing her compensation, 2) by applying less favorable disciplinary standards to Plaintiff compare to those applied to similarly situated males, and 3) reducing Plaintiff's compensation and refusing to promote Plaintiff in retaliation for engaging in a protected activity. Defendant's conduct was willful and in reckless disregard to federal law and statutes.

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and provide her injunctive relief and declaratory relief, equitable relief, back-pay (plus interest), the value of lost benefits, attorneys' fees, costs and expenses, as well as any and all other relief allowed or deemed just and proper by the Court.

**VI.   COUNT TWO: PUNITIVE DAMAGES**

43. Plaintiff restate and incorporate paragraphs 39-42 with the same force and effect as above.

44. Waffle House has acted maliciously, willfully, and with reckless disregard for the rights of the plaintiff, making punitive damages an appropriate remedy under 42 U.S.C. §1981a.

45. Waffle House willfully violated Title VII by subjecting the plaintiff to unequal compensation and conditions of employment, compared to those provided to similarly situated males. Waffle House's conduct was willful and reckless disregard to federal law and statutes.

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and relative to Count II of Plaintiff's Causes of Action award punitive damages to plaintiff.

## VII. COUNT THREE: EQUAL PAY ACT

46. Plaintiff is also pursuing a claim under the Equal Pay Act of 1963, as amended.

47. Waffle House discriminated against Plaintiff on the basis of gender by providing similarly situated male Manager Trainees and Unit Managers more favorable compensation.

48. Waffle House paid Plaintiff unequal compensation compared to that received by similarly situated males performing a job of equal skill, responsibility and effort under similar working conditions.

49. Waffle House willfully violated the Equal Pay Act by paying Plaintiff

compensation unequal to that paid to similarly situated males performing a job of equal skill, responsibility and effort under similar working conditions. Waffle House has not acted with good faith.

**WHEREFORE**, the plaintiffs respectfully pray that this Court assume jurisdiction of this action and provide plaintiffs back-pay, liquidated damages, attorneys' fees, costs and expenses, as well as any and all other relief allowed or deemed just and proper by the Court.

Dated:  June 11, 2020

                                    Respectfully submitted,

                                    /s/ Robert J. Camp
                                  **ROBERT J. CAMP**
                                  **E-mail:** rcamp@wigginschilds.com
                                  **WIGGINS, CHILDS, QUINN,**
                                  **PANTAZIS & GOLDFARB, LLC**
                                  The Kress Building
                                  301 19th Street North
                                  Birmingham, AL  35203
                                  (205) 314-0500 – Phone
                                  (205) 254-1500 – Facsimile

**PLAINTIFFS DEMAND A TRIAL BY STRUCK JURY**

                                  */s/  Robert  J. Camp*
                                  **OF COUNSEL**